## King v. Gross.

*Practice, C. P.—Trespass—Evidence—Self-serving declaration—Character —Reputation—Testimony of neighbors.*

1. In an action of trespass for personal injuries, where the plaintiff had not testified herself and no effort had been made to discredit her as a witness, the testimony of her physician as to what she told him, two years after the injuries complained of were received, concerning their origin was properly excluded.

2. Evidence of character and reputation for truth and veracity is not to be confined to such testimony as may relate to the same neighborhood or time as was spoken of by the assailing witnesses. The best testimony as to character or reputation comes from witnesses who have known the person for the greatest length of time.

Motion for new trial. C. P. Union Co., Sept. T., 1920, No. 59.

*Frederic E. Bower* and *Curtis C. Lesher*, for plaintiff.

*Cloyd Steininger* and *A. W. Johnson*, for defendant.

POTTER, P. J., July 16, 1923. — This action was brought for the recovery of damages for personal injuries, which the plaintiff alleges the defendant inflicted upon her. The case was tried and a verdict was rendered in favor of the defendant, whereupon reasons for a new trial were filed.

The first reason is as follows: "The court erred in refusing to admit the evidence of Dr. John Walter of the declaration of Mrs. Katharine King, made to him on March 29, 1922, as to cause of her injuries, for the purpose of showing that her evidence to be given at the trial was not of recent fabrication."

The injuries complained of by the plaintiff, she alleges, were inflicted upon her on March 24, 1920. According to the reason above quoted, the plaintiff

told this witness on March 29, 1922, the cause of her injuries. If that is true, they surely would be recent and might be of *recent* fabrication. Dr. Walter, when on the witness-stand, detailed the condition of the plaintiff when she called on him, and counsel for the plaintiff then asked him this question: "What did Mrs. King tell you was the cause of her injuries?"

This question was objected to, and rightly so, we think, and the objection was sustained. This question might have been competent on rebuttal, but we think it was incompetent at this stage of the case, being the beginning of it. If questions of this nature are allowable, it will be very easy for litigants to manufacture evidence in unlimited quantities to suit their respective cases, and would throw open the door to all kinds of fraudulent evidence. Then, again, there was no allegation that the testimony of the plaintiff was a fabrication, and till that allegation was made, the proposed evidence would be improper and incompetent. No attempt had been made to discredit Mrs. King. She had not yet testified. Under the circumstances, we think we were correct in excluding the proposed testimony.

The third reason complains of our not affirming the plaintiff's eighth point, which is as follows: "Evidence of character, truth and veracity is to be confined to the witness's testimony at the time of the trial, and is to be judged of by the speech of the people in the neighborhood where the witness resides."

We refused this point, and we think rightly so. The plaintiff had resided in Hartley Township, Union County, Pennsylvania, for many years, and removed therefrom about three or four years ago to or near Meyerstown, Pennsylvania. Witnesses were produced by the defendant on the trial to prove her reputation for truth and veracity from Hartley Township, her former home. We allowed this testimony, in which we then thought, and still think, we were correct. This question is ruled in Pennsylvania by the case of Morss v. Palmer, 15 Pa. 51, in which it is laid down as a *dictum* that, in support of character, a witness assailed is not to be confined to the same neighborhood or to the same time spoken of by the assailing witnesses, but may prove his character for veracity years previously and in a different county in which he had resided. When character or reputation in its various phases is undertaken to be proven, naturally the best testimony comes from witnesses who have known the person for the greatest length of time. In this case, persons residing in Hartley Township, where the plaintiff had resided for many years, who had known her for years back, naturally would be more competent to testify as to her reputation than persons residing in Meyerstown, who had known her for only a few years. The plaintiff had a perfect right to bring witnesses here from Meyerstown to prove her good character had she so desired, which she did not do.

We do not deem it necessary to discuss the 2nd, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 11th, 12th, 13th, 14th and 15th reasons, they raising no questions that have not already been disposed of, and those which do not, we think, are without merit.

We think this plaintiff has had a fair trial, as fair as we were able to give her. It was for the jury to decide whose story they believed, that of the plaintiff or that of the defendant. They have apparently accepted the defendant's version of the occurrence, which we think was warranted by the evidence produced.

And now, to wit, July 16, 1923, the reasons are all dismissed and the new trial is refused.

From Charles P. Ulrich, Selins Grove, Pa.